1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  TONY SICKLER and GERMAN ROJAS,       )   Case No.: 1:12-cv-01684 - LJO - JLT
                                         )
12              Plaintiffs,              )   ORDER REMANDING THE MATTER TO KERN
                                         )   COUNTY SUPERIOR COURT
13         v.                            )
                                         )
14  COUNTRYWIDE FINANCIAL                )
15  CORPORATION, et al.,                 )
                                         )
16              Defendants.              )
                                         )
17  _____     )

18          Tony Sickler and German Rojas ("Plaintiffs") seek removal of an unlawful detainer action filed

19  in Kern County Superior Court.  (Doc. 1).  For the following reasons, the action is **REMANDED** to

20  Kern County Superior Court.

21  **1.      Factual and Procedural History**

22          On August 24, 2012, Plaintiffs purported to commence an action against Artes Bella Group;

23  Countrywide Corporation; Financial Green Tree Servicing, LLC; Quality Loan Services Corps.; Jose

24  Luis Prado; and Recontrust Co., N.A., in Case No. 12-cv-01393-LJO-JLT.[1]  On September 20, 2012,

25

26  _____

27          [1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources
    whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333
    (9th Cir. 1993).  The accuracy of the Court's records cannot reasonably be questioned, and judicial notice may be taken of
28  court records.  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*,
    80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887

1   Plaintiffs filed a Notice of Removal of an unlawful detainer action, which contained a document from

2   the Kern County Superior Court indicating Artes Bellas Group had filed an action against Tony

3   Sickler and Karla Sanchez in Case No. S-1500-CL-270166.  Accordingly, the Court issued an order to

4   remand the unlawful detainer action on September 24, 2012.

5        On October 15, 2012, Plaintiffs once again commenced the action now before the Court, by

6   removing Kern County Superior Court Case No. S-1500-CL-270166, to this Court.  (Doc. 1 at 1).

7   Once again, the Court  orders this matter remanded to the Kern County Superior Court.

8   **II.     Removal Jurisdiction**

9        Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court

10   where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286,

11   392 (1987).  Specifically,

12       Except otherwise expressly provided by Act of Congress, any civil action brought in a
         State court of which the district courts of the United States have original jurisdiction,
13       may be removed by the defendant or defendants, to the district court of the United
         States for the district and division embracing the place where such action is pending.
14

15   28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the

16   Constitution, laws, or treaties of the United States."  *Id.* at § 1331.

17       A party seeking removal must file a notice of removal of a civil action within thirty days of

18   receipt of a copy of the initial pleading.  *Id.* at § 1446(b).  Removal statutes are to be strictly construed,

19   and any doubts are to be resolved in favor of state court jurisdiction and remand.  *See Gaus v. Miles*,

20   980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of proving its

21   propriety.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443

22   F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838

23   ("the burden of establishing federal jurisdiction falls to the party invoking the statute").  If there is any

24   doubt as to the right of removal, "federal jurisdiction must be rejected."  *Duncan*, 76 F.3d at 1485.

25       The district court has "a duty to establish subject matter jurisdiction over [a] removed action

26   *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell &*

27

28   F.2d 1236m 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).  Therefore,
     judicial notice is taken of the documents filed in *Rojas v. Countrywide*, Case No. 1:12-cv-01393-LJO-JLT.

1    *Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v.*

2    *Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural

3    and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction").

4          Consequently, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it

5    determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page*

6    *v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

7    **III.    Discussion and Analysis**

8          The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint

9    rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

10   face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  Therefore, the

11   complaint must establish "either that [1] federal law creates the cause of action or that [2] the

12   plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

13   *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d

14   1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S.

15   1, 27-28 (1983)).

16         Here, Plaintiffs have not provided a copy of the complaint filed by Artes Bella Group.  Based

17   upon the Court's records in *Rojas v. Countrywide* and the exhibits attached to the Complaint in this

18   action, the Court surmises Plaintiff Tony Sickler is a defendant in the state court action for unlawful

19   detainer.  Plaintiffs attach a document dated September 11, 2012 to their complaint, which they allege

20   demonstrates the unlawful detainer action was dropped. (Doc. 1 at 60).  However, the document

21   indicates on that Kern County Superior Court received an order transferring the action to the District

22   Court. *See id.*  Notably, the matter was remanded by this Court on September 24, 2012.

23         Previously, the Court explained an unlawful detainer action **does not** arise under federal law,

24   but arises instead under state law.  *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6

25   (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court");

26   *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1,

27   2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a

28   matter of state law").  Thus, the unlawful detainer claim does not invoke federal subject matter

3

1    jurisdiction.

2    **IV.      Conclusion and Order**

3           As discussed above, Plaintiffs have failed to demonstrate removal of the action is appropriate.

4    Because the Court does not have subject matter jurisdiction over the action for unlawful detainer, the

5    matter must be remanded.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears

6    that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Kelton*

7    *Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks

8    jurisdiction").

9           While under very limited circumstances it may be possible to remove a case that was

10   previously remanded for lack of jurisdiction, Plaintiffs are advised that under no conceivable

11   circumstances currently known to this Court, does it appear that this unlawful detainer action could be

12   subject to removal to federal court.  Plaintiffs are directed to not file any further notices of removal

13   with respect to Kern County Superior Court Case No. S-1500-CL-270166.  In the event that either

14   Tony Sickler or German Rojas disregards this order, the Court will issue an order to show cause why

15   sanctions should not be imposed.[2]

16          Accordingly, **IT IS HEREBY ORDERED**:

17          1.      The matter is **REMANDED** to the Superior Court of Kern County; and

18          2.      The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates

19                  the action in its entirety.

20

21   IT IS SO ORDERED.

22          Dated:   __October 18, 2012__              _____/s/ Jennifer L. Thurston__

23                                                     UNITED STATES MAGISTRATE JUDGE

24

25   _____

          [2]It has become clear that Plaintiffs are not filing the removal actions because they have a genuine and germane
26   basis to conclude that this Court has jurisdiction over the matter.  Instead, Plaintiffs are taking this action for purposes of
     bad faith, delay and harassment.  Under Fed. R. Civ. P. 11, a court "may impose appropriate sanctions." The Ninth Circuit
27   has stated sanctions are appropriate "where the action is *clearly* frivolous, legally unreasonable, or without legal
     foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v A-C Co.*, 859 F.2d 1336, 1344 (9th
28   Cir. 1988). In addition, where a party files an unreasonable petition for removal, a court "may require payment of costs and
     any actual expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

                                                              4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28